IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

J.M., by and through their PARENTS, J.M. and J.M.

    Plaintiff,

v.

LOUISIANA HIGH SCHOOL ATHLETIC ASSOCIATION, INC.
    Defendant.

Case No. 23-cv-6514

Jury Demanded

## COMPLAINT

Plaintiff, by and through undersigned counsel, alleges as follows:

### JURISDICTION AND VENUE

1. This is a civil action to redress disability-based discrimination under the Americans with Disabilities Act, 42 U.S.C. § 12131, *et seq*, and the Louisiana Human Rights Act, La. Rev. Stat. § 51:2247.

2. Plaintiff also asserts a tort claim under state law.

3. This Court has jurisdiction under 42 U.S.C. § 12132; and 28 U.S.C. § 1367(a).

4. Venue is proper in the Eastern District of Louisiana pursuant to 28 U.S.C. § 1391(b) because the events or omissions giving rise to the Plaintiff's claims occurred there.

### PARTIES

16. Plaintiff J.M. is a 16-year-old boy that resides in Madisonville, Louisiana. His parents are pursuing this action on his behalf.

17. Defendant Louisiana High School Athletic Association, Inc. is a corporation organized under Louisiana law. Its principal place of business is 12720 Old Hammond Hwy, Baton Rouge, LA 70816.

## FACTUAL ALLEGATIONS

19.  J.M. currently is currently a sophomore at St. Paul's School, a private Catholic high school in Covington, LA.

20.  J.M. first enrolled at St. Paul's in eighth grade, for the 2021-2022 school year.

21.  J.M. is on the wrestling team at St. Paul's.

22.  J.M. is diagnosed with multiple disabilities, including Autism Spectrum Disorder: social communication impairments requiring support (Level 1), restricted, repetitive behaviors requiring support (Level 1); ADHD; Asthma; and Anxiety.

23.  These are all "disabilities" under federal and Louisiana antidiscrimination laws, because they are conditions that substantially limit one or more major life activities.

24.  J.M. is enrolled in St. Paul's Catholic Opportunity for a Responsive Education (CORE) Pack program.

25.  In essence, the CORE Pack program is a non-traditional track designed for students who would otherwise be enrolled in a special-education program in public school.

26.  St. Paul's has created a carefully tailored educational plan designed to meet J.M.'s needs.

27.  Prior to attending St. Paul's, J.M. wrestled in a youth organization.

28.  While J.M.'s disabilities make many aspects of daily life difficult for him, J.M. is an excellent wrestler and is likely to be a starter on the varsity team this season.

29.  Wrestling brings J.M. immense joy and satisfaction, as well as teaching him work ethic.

30.  J.M.'s social circle, maturation, and self worth are intermeshed with wrestling.

31.  The high school wrestling season in Louisiana generally runs from November to February.

32.  Under the LHSAA's rules, J.M.'s first year of eligibility for varsity wrestling should have been his freshmen year, the 2022-2023 season.

33.     In particular, Rule 1.13.4 of the LHSAA's handbook provides eligibility for any student who "continuously attended the entire 7th and/or 8th grades at a middle / junior high school of that same member school."

34.     However, the LHSAA denied J.M. varsity eligibility during his freshman year, on grounds that he was "outside the attendance zone," citing Rule 1.13.4(1).  It did, however, deem him eligible for "sub varsity" (better known as junior varsity).

35.     This denial letter was issued on October 28, 2022 and signed by Eddie Bonine, the Executive Director of the LHSAA.

36.      As mentioned, J.M. has attended Saint Paul's since the 8th grade, meaning he was enrolled in the same school for an entire year before the aforementioned denial and thus should have been fully eligible under Rule 1.13.4.

37.     Generally, the LHSAA does not communicate directly with students; instead, schools coordinate directly with the LHSAA about all eligibility issues.

38.     The LHSAA's handbook provides that schools may, in certain instances, apply for a "hardship waiver" on behalf of a student deemed ineligible under its rules.

39.     In the October 2022 denial letter, the LHSAA stated that J.M. was not allowed to apply for a hardship waiver.

40.     At no point did the LHSAA ever explain to St. Paul's or to J.M.'s parents the basis for its conclusion that J.M. was "outside the attendance zone," or why J.M. could not pursue a hardship waiver.

41.     The denials resulted in J.M. missing his freshman wrestling season, which was devastating to J.M. and his parents.

42. In anticipation for the 2023-2024 wrestling season, St. Paul's again sent the LHSAA all the relevant information it needed to determine J.M.'s eligibility.

43. On October 16, 2023, the LHSAA once again issued a letter denying J.M. eligibility to wrestle, again signed by Eddie Bonine, the Executive Director of the LHSAA.

44. Unlike the 2022 denial letter, which cited Rule 1.13.4 as the basis for the denial, the 2023 denial letter merely included the statement "Special Ed" as the basis for denial.

45. Upon information and belief, the term "Special Ed." is an abbreviation for "special education."

46. The 2023 denial letter did not elaborate in any way, nor did it cite any rules from the handbook that would make a "special education" student ineligible to wrestle.

47. Also, unlike the 2022 denial letter, which denied eligibility for varsity but provided "sub-varsity" eligibility, the 2023 denial letter deemed J.M. to be ineligible for both varsity and sub-varsity.

48. The 2023 denial letter stated that St. Paul's could apply for a hardship waiver by November 1, 2023, and St. Paul's began diligently preparing a hardship application on J.M.'s behalf.

49. J.M.'s parents promptly retained undersigned counsel, who urged the LHSAA to reverse their decision sooner than November 1, because the wrestling season is fast approaching, and explained that its denial likely violated the Americans with Disabilities Act.

50. On October 20, 2023, four days after issuing its denial, the LHSAA reversed its decision, allowing J.M. to wrestle varsity for the 2023-2024 season.

51. J.M. and his family are relieved that the LHSAA reversed its decision.

52. J.M.'s parents recently obtained communications between St. Paul's and the LHSAA from May 2022, in which the LHSAA was made aware of J.M.'s disabilities.

4

53. Accordingly, the LHSAA knew that J.M. has disabilities when it denied him eligibility for the 2022-2023 season (his freshman year).

54. The LHSAA's statement that J.M. was "not in the attendance zone" under rule 1.13.4 is not only flatly untrue, but was in fact a pretext for unlawful discrimination on the basis of disability.

55. The evidence that the 2022-2023 season denial was pretextual is facially apparent from the LHSAA's initial denial for the 2023-2024 season based on "Special Ed[ucation]."

56. Though the LHSAA has thankfully now reversed its decision for the 2023-2024 season, the LHSAA cannot avoid accountability for its decision to deny J.M. eligibility his freshman year based purely on his disability.

57. If J.M. were a student at a public school, he would have an "individualized education plan" (IEP) under the Individuals with Disabilities Education Act, 20 U.S.C. § 1415, a federal law designed for special-education students with strict compliance standards.

58. The IDEA does not apply to private schools.

59. In other words, by creating a special-education program like CORE Pack, St. Paul's has gone and beyond what federal law requires it to do.

60. The LHSAA is effectively punishing private schools for going above and beyond what the law requires, and dissuading other schools from creating similar programs.

61. J.M. and his family should not be punished for electing to attend a private school.

62. Allowing J.M. (and other special-education students like him enrolled at private schools) to wrestle will in no way undermine the purposes or goals of the LHSAA's programs.

63. J.M.'s parents seek not only damages, but injunctive relief to ensure that this sort of conduct does not recur in the future.

64. It is unclear whether the LHSAA is a public or private entity, given its unique structure.

65. If the LHSAA is a public entity that performs governmental functions, then it is subject to Title II of the ADA, 42 U.S.C. § 12131, et seq.

66. If the LHSAA is a "public accommodation" that is merely a private entity with no governmental functions, then it is subject to Title III of the ADA, 42 U.S.C. § 12181, et seq.

67. Both Title II and Title III of the ADA prohibit discrimination on the basis of disability.

### FIRST CLAIM – Disability Discrimination (ADA)

95. Plaintiff repeats and realleges all allegations of this Complaint as set forth above.

96. Defendant violated Title II of the Americans with Disabilities Act, 42 U.S.C. § 12132, because it is a public entity that discriminated against Plaintiff on the basis of his disability.

97. Alternatively, Defendant violated Title III of the Americans with Disabilities Act, 42 U.S.C. § 12182, because it is a public accommodation that discriminated against Plaintiff on the basis of his disability.

98. Defendant treated Plaintiff less favorably than non-disabled students.

99. The discriminatory actions of Defendant were intentional and taken with deliberate indifference to Plaintiff's rights.

100. Plaintiff suffered injuries as a result of the Defendant's acts or omissions.

### SECOND CLAIM – Disability Discrimination (La. Rev. Stat. § 51:2247)

102. Plaintiff repeats and realleges all allegations of this Complaint as set forth above.

103. Defendant violated La. Rev. Stat. § 51:2247 because it "den[ied] an individual the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of a place of public accommodation, … on the grounds of … disability."

104. Defendant treated Plaintiff less favorably than non-disabled students because of his disability.

105. The discriminatory actions of Defendant were intentional and taken with deliberate indifference to Plaintiff's rights.

106. Plaintiff suffered injuries as a result of Defendant's acts or omissions.

### THIRD CLAIM (Negligence)

107. Plaintiff repeats and realleges all allegations as set forth above.

108. The Defendant had a duty to Plaintiff to conform its conduct to a specific standard of care, and its conduct fell below that standard of care.

109. The standard of care is set by federal and state law.

110. The Defendant's negligence caused Plaintiff damages.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment:

1. Declaring that Defendant's conduct as set forth above violates 42 U.S.C. § 12132 or 42 U.S.C. § 12182, and La. Rev. Stat. § 51:2247.

2. Declaring that Defendant is liable for negligence;

3. Awarding compensatory damages, expectation damages, punitive damages, nominal damages, and any other form of damages available to Plaintiff for injuries caused by Defendant's discriminatory and tortious conduct.

4. Awarding costs and attorney's fees to Plaintiff, pursuant to 42 U.S.C. § 12133, La. Rev. Stat. § 51:2264, and any other applicable provisions;

5. Granting such further relief as this Court may deem just and proper.

## JURY DEMAND

Consistent with Federal Rule of Civil Procedure 38(b), Plaintiff hereby requests a trial by jury as to every claim for which he is entitled.

        Respectfully submitted,

        October 25, 2023

        __/s/ *Chris Edmunds*_____
        Chris Edmunds, Counsel for Plaintiff
        LBSA: 37670
        Chris Edmunds Law Office
        4937 Hearst St., Suite 2F
        Metairie LA 70001
        (504) 314-0034
        chrisedmundslaw@gmail.com