**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF LOUISIANA**

J.M., by and through their PARENTS, J.M. and J.M.

Plaintiff,

Case No. 23-cv-6514

Division 3

v.

LOUISIANA HIGH SCHOOL ATHLETIC ASSOCIATION, INC.
Defendant.

## CONSENT JUDGMENT

This Consent Judgment ("Agreement") is entered into by all parties to the above-captioned matter to settle and to resolve Plaintiffs' claims asserted in the Amended Complaint filed on May 12, 2025.

## I. RECITALS

### A. The Parties.

1. Plaintiff, John Martinez III (J.M.), is an 18-year-old high-school student and was a minor child when this lawsuit was instituted by his mother and father, John Martinez Jr. and Jennifer Martinez.

2. J.M.'s parents, John Martinez Jr. and Jennifer Martinez, have asserted claims in their own right.

3. The Defendant is the Louisiana High School Athletic Association, Inc. (LHSAA) which is a corporation organized under Louisiana law.

### B. Jurisdictional Authority.

The Court has jurisdiction under 42 U.S.C. § 12182; and 28 U.S.C. § 1367(a).

**C. Background.**

This case involves alleged disability discrimination and retaliation against a high-school wrestler. J.M., who has autism, attends St. Paul's School, a private Catholic school in Covington, Louisiana. J.M.'s parents, John Martinez Jr. and Jennifer Martinez, filed this lawsuit alleging that their son was denied eligibility during his freshman and sophomore year because of his disability. Doc. 1. More specifically, the original complaint alleged that the LHSAA does not allow special-education students to compete in athletics if those students attend a private school.

After some discovery, and shortly before the summary-judgment deadline, the parties agreed to settle the case. Doc. 20. Part of that settlement required the LHSAA to add agreed-upon language to Rule 1.11.14. That agreement was entered into the court record on August 15, 2024. Doc. 20. On August 16, 2024, the parties filed a "Joint Motion to Continue Deadlines and Stay Pending Finalization of Settlement," and the Court signed an order to that effect on August 19, 2024. Doc. 21; Doc. 22.

However, J.M. later sought leave to file an amended complaint. Doc. 30. He alleged that the LHSAA had breached the settlement agreement, as J.M. was denied eligibility for the first two wrestling competitions of his junior year and that the LHSAA added additional language to Rule 1.11.14, that Plaintiffs never saw or agreed to, by "floor amendment." Doc. 30. The Court granted leave to file an amended complaint. Doc. 31; Doc. 32; Doc. 33. This Court entered a new scheduling order on July 30, 2025. Doc. 41.

Trial is set for April 13, 2026. Doc. 41 at 3. The case is set to be tried before a jury. *Id.* To avoid the uncertainties of trial, however, the parties have agreed to a consent judgment.

## II. GENERAL PROVISIONS

A. The Parties enter into this Agreement for the purposes of avoiding the burdens of litigation. Joint entry of this Agreement is in the public interest because its provisions will make high-school athletics more accessible to special-education students attending private schools.

B. The LHSAA acknowledges that it has agreed to undertake the obligations under this Agreement solely at its discretion and based on the advice of counsel.

C. This Agreement constitutes the entire integrated agreement of the Parties. No prior drafts, nor prior or contemporaneous communications, oral or written, shall be relevant or admissible for purposes of determining the meaning of any provisions herein in litigation or any other proceeding.

D. This Agreement shall inure to the benefit of the Parties hereto and shall be binding upon each of them, and their heirs, estates, assigns, representatives, predecessors, and successors.

E. Except as provided in Part II(E), this Agreement is enforceable only by the Parties and no other person or entity is intended to be a third-party beneficiary of the provisions of this Agreement. Accordingly, no other person or entity may assert any claim or right as a beneficiary or protected class under this Agreement.

F. The Parties may assert in any action, motion, subpoena, or request for disclosure of information the ongoing applicability of a settlement privilege pursuant to Federal Rule of Evidence 408 to all such drafts or communications among the Parties leading to this Agreement.

G. Upon execution of this Agreement, counsel for both parties shall jointly present it to the Court, recommend its approval, and request that the Court issue an order formally approving the Agreement. This Agreement constitutes the final resolution of Plaintiffs' claims for injunctive relief, monetary damages, and attorneys' fees and costs in this matter. The parties, through counsel, agree to take all necessary steps required or requested by the Court to ensure the successful

implementation of this Agreement. Nothing in this Agreement, nor the assertions made herein, shall be construed as an admission of liability or used as conclusive evidence in any other legal, equitable, or administrative proceeding, whether in a state or federal court of law or otherwise.

H. This Agreement shall not become effective until it has been approved and ratified by the Court, as required under the Federal Rules of Civil Procedure, and the parties have been notified of such approval. The Agreement shall take effect immediately upon the Court's final approval and entry of this Agreement into the record. The parties agree to take all necessary actions to ensure full compliance with the substantive provisions of this Agreement.

## III. SUBSTANTIVE PROVISIONS

The parties have agreed to the following provisions, which are subject to oversight by this Court, in a concerted effort to make the LHSAA more accessible to J.M. and other special-education students attending private high schools.

### A. The floor amendment to Rule 1.11.14 shall be struck.

Within 14 days of the Court approving and ratifying this Consent Judgment, the LHSAA shall call a special meeting of the Executive Committee, or supplement the agenda of a regularly scheduled meeting, for the purpose of amending Rule 1.11.14. Such meeting must then occur within 30 days. The LHSAA agrees that, at such meeting, it shall

1) strike the following language, which was added by floor amendment and without consent of Plaintiffs, from Rule 1.11.14:

*Any (Non-Public) Special Education student that cannot obtain an active service plan through the LEA would need to attend the scheduled Hardship hearing that corresponds with their sport to determine eligibility. The school must submit an Eligibility Ruling Request prior to the Hardship Deadline on any student that qualifies under this category.*

2) Retain the following language:

*This provision applies equally to special-education students enrolled at nonpublic schools, so long as the student would otherwise be entitled to receive special-education services in the resident school system.*

3) Move to have the full membership ratify this amendment at the annual convention on February 26–27, 2026.

After these amendments, the entirety of Rule 1.11.14 shall read as follows:

<u>**Special Education Students**</u>: Special education students other than those classified as "gifted and talented" shall be eligible if they meet the provisions of the present rule. This rule's purpose is to make athletic programs accessible to students; however, once a student reports for a sport, he/she, like any other student, is subject to earning a place on the team. Special education students shall be evaluated every three years for eligibility purposes. A student shall be placed in a special education program for at least two-thirds of a given semester in order to establish eligibility for the next semester. A regular education student who fails to establish scholastic eligibility shall not become eligible as a special education student until he/she has established eligibility for one entire semester. This provision applies equally to special-education students enrolled at non-public schools, so long as the student would otherwise be entitled to receive special education services in the public school system.

**B. No glossary amendments.**

The LHSAA agrees that it shall not alter or amend its "glossary" to add or redefine terms related to special-education eligibility in any way, without prior consultation with, and consent from, J.M. If the LHSAA wishes to take such action and cannot obtain consent from J.M., the LHSAA agrees that it must request such permission from the Court by motion to take such action.

**C. Promotion of Inclusion at State Tournaments**

The LHSAA shall actively promote the inclusion of disabled student-athletes at all Louisiana state tournaments through banners and flyers prominently displayed at tournament venues. These materials should:

- promote inclusion, equal access, and respect for student athletes with disabilities;
- be displayed in high-visibility locations (entrances, competition areas, spectator spaces, etc.); and

- be approved by Plaintiffs before posting.

The LHSAA shall create these materials, and the Parties must work collaboratively and in good faith to approve them. Any disputes that cannot be resolved after good-faith efforts shall be submitted to the Court for resolution, consistent with the Dispute Resolution Process in Part IV below.

**D. Confidential monetary provisions.**

Consistent with Part VI of this Agreement, the LHSAA shall pay Plaintiffs and their counsel damages, attorneys' fees, and litigation expenses pursuant to a separate confidential agreement. Failure to comply with the terms of that separate confidential agreement constitutes a material breach of this Agreement.

## IV. MONITORING, DISPUTE RESOLUTION PROCESS, AND ENFORCEMENT

The parties agree to and shall request that this Court retain jurisdiction over this matter solely for the purposes of enforcement of the terms and conditions of this Agreement. Further, in the event of a material breach of the terms contained herein, the aggrieved Party shall be entitled to seek injunctive or other relief as stated in this Agreement.

The LHSAA shall submit biannual progress reports to the Plaintiffs and the Court detailing steps taken to meet the deadlines and milestones set forth in this Agreement. Each report must include a summary of how the LHSAA is implementing and applying the new rule. The parties agree to and shall request that this Court schedule status conferences every six months—or more or less, as the Court may deem necessary or at the request of the parties—to ensure compliance with the milestones and timelines of this Agreement.

The LHSAA shall provide Plaintiffs, upon written request, access to all non-privileged records, plans, or documents relevant to compliance with this Consent Decree. The LHSAA shall

respond to such requests within 14 days and may only withhold information if it demonstrates that the material is subject to privilege or other legal protection.

If any party fails to comply with a material term of this Agreement, the parties agree to attempt in good faith to resolve the disagreement according to the following Dispute Resolution Process:

1. If Plaintiffs believe that the LHSAA failed to fulfill an obligation under this Agreement, then Plaintiffs shall, before initiating any court proceedings to remedy such failure, give written notice to the LHSAA that sets forth with specificity the details of the alleged material breach of this Agreement.
2. The LHSAA shall have 14 days from the date of such written notice to respond in writing by denying that the alleged breach has occurred, or by accepting (without necessarily admitting) the allegations of noncompliance and proposed steps that the LHSAA will take, and by when, to cure the alleged breach.
3. If the LHSAA fails to respond within 14 days or denies that the alleged breach has occurred, and after Plaintiffs attempt in good faith to confer with the LHSAA, then Plaintiffs may seek an appropriate judicial remedy other than contempt.

If the LHSAA fails to comply with a material term of this Agreement, and if the disagreement cannot be worked out informally pursuant to the Dispute Resolution Process herein, Plaintiffs shall have the right to bring a motion enforcing this Agreement before the Court.

In any action to enforce this Agreement, the prevailing party shall be reimbursed their reasonable fees, expenses and costs in accordance with 42 U.S.C. § 12205 and applicable law.

## V. EXPIRATION

If the parties comply with this Consent Judgment, this Consent Judgment shall expire on May 28, 2027. Any motion alleging noncompliance must be filed on or before that date. Absent the filing of such a motion, the Consent Judgment will terminate on May 28, 2027.

## VI. DAMAGES AND ATTORNEY'S FEES/COSTS

The LHSAA has agreed to pay Plaintiffs and their counsel damages, attorneys' fees, and litigation expenses pursuant to a separate confidential agreement.

## VII. RELEASE OF CLAIMS

Plaintiffs hereby release the LHSAA and all its officers, directors, employees, representatives, assignees, and successors from any and all claims, causes, damages, demands, and liabilities, including specifically any claims under the Americans with Disabilities Act and Louisiana Human Rights Act, relating to the facts alleged in the Action, whether those claims were asserted or could have been asserted in the Action. The term "Plaintiffs" includes J.M. (the minor child), his mother Jennifer Martinez, and his father, John Martinez Jr.

This release shall in no way limit the Plaintiffs' or the Court's ability to monitor and enforce the LHSAA's compliance with the terms of this Consent Judgment. Nothing herein should be construed as a waiver or release of any claim the Plaintiffs may have against any person other than the LHSAA.

Nothing in this Agreement shall be construed as a waiver of any claims that have not yet arisen, but may arise in the future against any entity or person, including without limitation the LHSAA. This Agreement shall not be used by any party or non-party to claim that Plaintiffs have waived any claims that arise after the date of the execution of this Agreement.

## VIII. CONTINUING JURISDICTION BY COURT

The Court shall have continuing jurisdiction over the enforcement of this Agreement.

**SIGNED AND AGREED:**

John Martinez III, Plaintiff

Date: 3-3-26

Signature: JM

John Martinez Jr., Plaintiff
Father of J.M.

Date: 3/3/26

Signature:

Jennifer Martinez,
Mother of J.M.

Date: 3·3·26

Signature:

**SIGNED AND AGREED:**

Louisiana High School Athletics Association, Inc., Defendant

Date: 3-4-26

EDDIE BONINE
Printed Name:

Upon due consideration of the Agreement between the parties, the Court having been fully advised in the premises, and pursuant to Fed. R. Civ. P. 41(a),

**IT IS ORDERED** that the Court **APPROVES** and **RATIFIES** this Agreement.

**IT IS FURTHER ORDERED** that Plaintiffs' claims are hereby **DISMISSED**, provided that this Court shall retain jurisdiction to enforce the terms and conditions of the Consent Judgment.

New Orleans, Louisiana, March 3, 2026

**EVA J. DOSSIER**
**UNITED STATES MAGISTRATE JUDGE**